IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

NO. 4:05-CR-55-FL
NO. 4:11-CV-51-FL

| | |
|---|---|
| ERIC ODELL GADSON, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. )<br>_____ ) | **MEMORANDUM AND**<br>**RECOMMENDATION** |

This cause comes before the Court upon the Government's Motion to Dismiss (DE-55) *pro se* Petitioner's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody ("Motion to Vacate") (DE-48). Petitioner has responded to the Government's Motion to Dismiss (DE-58), and the matter is now ripe for adjudication. Pursuant to 28 U.S.C. § 636(b)(1) this matter is before the undersigned for the entry of a Memorandum and Recommendation. For the following reasons, it is HEREBY RECOMMENDED that the Government's Motion to Dismiss (DE-55) be GRANTED and that Petitioner's Motion to Vacate (DE-48) be DENIED.

**I. Background**

On July 14, 2005, Petitioner was charged in a four count indictment with, *inter alia*, armed bank robbery in violation of 18 U.S.C. § 2113 and using a firearm during a crime of violence in violation of 18 U.S.C. § 924(c). (DE-1). Petitioner pled guilty to both of those charges on February 23, 2006. (DE's 16-17, 30). This guilty plea was memorialized in a Plea Agreement filed and approved by this Court. (DE-30).

In his plea agreement, Petitioner admitted and agreed:

> To plead guilty to Counts One and Two of the Indictment herein . . .
>
> To waive knowingly and expressly all rights, conferred by 18 U.S.C. § 3742, to appeal whatever sentence is imposed, including any issues that relate to the establishment of the advisory Guideline range, reserving only the right to appeal from a sentence in excess of the applicable advisory Guideline range that is established at sentencing, and further to waive all rights to contest the conviction or sentence in any postconviction proceeding, including one pursuant to 28 U.S.C. § 2255, excepting an appeal or motion based upon grounds of ineffective assistance of counsel or prosecutorial misconduct not known to the Defendant at the time of the Defendant's guilty plea. The foregoing appeal waiver does not constitute or trigger a waiver by the United States of any of its rights to appeal provided by law . . .
>
> defendant robbed Southern Bank and Trust Company, an institution whose deposits were insured by the Federal Deposit Insurance Corporation . . .
>
> [and] Defendant knowingly used and carried a firearm during and in relation to the commission of the crimes charged in Count One . . .
>
> *Id.* at pg. 2-6.

Moreover, in his plea agreement, Petitioner specifically acknowledged that he had a prior 18 U.S.C. § 924(c) conviction and therefore his minimum term of imprisonment was 25 years consecutive to any other sentence imposed. *Id*. at pg. 6, ¶ (5). He was sentenced on July 19, 2006 to, *inter alia*, a total of 488 months imprisonment. (DE's 31-32). The Fourth Circuit affirmed Petitioner's conviction and sentence on March 10, 2008. (DE-43). Specifically, the following issues were raised by Petitioner on appeal: "(1) whether the district court erred in finding [Petitioner] was competent to face the charges against him; (2) whether the district court erred in accepting [Petitioner's] guilty plea; (3) whether [Petitioner's] sentence is reasonable; and

2

(4) whether [Petitioner] received ineffective assistance of counsel.[1]" *Id*. at 2. Upon review of the record, the Fourth Circuit determined that: 1) Petitioner was competent to face the charges against him; 2) Petitioner's guilty plea was made both knowingly and voluntarily; and 3) Petitioner's sentence was reasonable. *Id*. at pg. 2-6. Specifically, with regard to Petitioner's guilty plea, the Fourth Circuit stated that "our review of the plea hearing transcript reveals that the district court conducted a thorough Rule 11 colloquy that assured [Petitioner's] plea was made both knowingly and voluntarily." *Id.* at 3. Likewise, with regard to Petitioner's sentence, the Fourth Circuit held that Petitioner's "188-month sentence for the armed robbery conviction is at the bottom of the applicable Guidelines range and below the statutory maximum . . . [and, Petitioner's] sentence of 300 months' imprisonment for his § 924(c) conviction is the mandatory minimum statutory sentence because [Petitioner] had previously been convicted under that statute." *Id.* at 6. Petitioner did not seek review by the United States Supreme Court. (DE-48, pg. 2).

The instant Motion to Vacate was filed on or about March 28, 2011 (DE 48-1). In his Motion to Vacate, Petitioner stated the following bases:

> Ground one: Actually innocent of my career offender enhancement . . .[p]ursuant to Johnson v. United States, 130 S.Ct. 1265 (2010) . . . [Petitioner's] prior conviction for "battery on a law enforcement officer" that was committed without the use of "violent force" does not qualify as a "crime of violence" under the "career offender enhancement." *See*, Williams v. United States, 130 S.Ct. 1734 (2010), & Gilbert v. United States, 2010 WL 2473560 (11th Cir. June 21, 2010).
>
> Ground two: . . . Petitioner's sentence enhancement for the "non-qualifying/nonexistent" prior offense for "battery on a law enforcement officer was fundamentally defective . . .
>
> Ground three: . . . Petitioner's sentence was based upon a constitutionally

---

1 Petitioner's ineffective assistance of counsel claim was not considered. (DE-43, pg. 7).

>       impermissible factor . . .

>    (DE-48, pg. 4-7).

On May 25, 2011, Petitioner supplemented his Motion to Vacate. (DE-51). In this supplement, Petitioner contends, *inter alia*, that "the district court lacked subject-matter jurisdiction to impose a 25 year mandatory minimum sentence of imprisonment . . . in light of U.S. v. O'brien, 130 S.Ct. 2169 (2010)." (DE-51, pg. 2).

## II. Legal Standards and Analysis

### A. Motion to Dismiss

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the sufficiency of a complaint. Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir.1999). To survive a Rule 12(b)(6) motion, Petitioner must " 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.' " Erickson v. Pardus, 551 U.S. 89, 93 (2007) (*quoting* Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). The facts alleged must "raise a right to relief above the speculative level," and the complaint must contain "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 555, 570. A claim has facial plausibility when factual content is pled that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions" or "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id*. A complaint may survive a motion to dismiss only if it "states a plausible claim for relief" that "permit[s] the court to infer more than the mere possibility of misconduct" based upon "its judicial experience and common sense." *Id.* at 1950.

Without such "heft," claims cannot establish a valid entitlement to relief, as facts that are "merely consistent with a defendant's liability" fail to nudge claims "across the line from conceivable to plausible." *Id.* at 1947-1951 (quotations omitted).

Petitioner, as a *pro se* litigant, is entitled to have his pleadings construed more liberally than those drafted by attorneys. *See* Haines v. Kerner*,* 404 U.S. 519 (1972). Nevertheless, there are limits to which the court may legitimately go in construing such complaints. *See* Beaudett v. City of Hampton*,* 775 F.2d 1274, 1277-78 (4th Cir. 1985).

**B.  Effect of Petitioner's guilty plea**

A valid guilty plea constitutes admission of the material elements of the crime. McCarthy v. United States, 394 U.S. 459, 466 (1969). The sworn representations made by a criminal defendant at plea proceedings " carry a strong presumption of verity" and "constitute a formidable barrier against any subsequent collateral proceedings." Blackledge v. Allison, 431 U.S. 63, 74 (1977). Furthermore, a guilty plea normally waives any claim based on non-jurisdictional errors occurring prior to the plea. Tollett v. Henderson, 411 U.S. 258, 267 (1973). In Tollett, the Supreme Court concluded that an intelligent and voluntary plea of guilty generally bars habeas review of claims relating to the deprivation of constitutional rights that occurred before the defendant pled guilty. The Supreme Court held that, "[t]he focus of federal habeas inquiry is the nature of [defense counsel's] advice and the voluntariness of the plea, not the existence as such of an antecedent constitutional infirmity." *Id.* at 266-67. Thus, in a collateral attack, a petitioner may only challenge the voluntary and intelligent character of a plea, such as by demonstrating that he received ineffective assistance of counsel. *Id.*

Notably, statements made by a defendant during a hearing to accept a guilty plea are subject to a strong presumption of veracity, and challenges under 28 U.S.C. § 2255 that contradict

5

these statements may generally be dismissed. Specifically:

> [A] defendant's solemn declarations in open court . . . 'carry a strong presumption of verity . . . because courts must be able to rely on the defendant's statements made under oath during a properly conducted Rule 11 plea colloquy . . . Indeed, because they do carry such a presumption, they present a formidable barrier in any subsequent collateral proceedings . . . Thus, in the absence of extraordinary circumstances . . . allegations in a § 2255 motion that directly contradict the petitioner's sworn statements made during a properly conducted Rule 11 colloquy are always "palpably incredible" and "patently frivolous or false" . . .
>
> Thus, in the absence of extraordinary circumstances, the truth of sworn statements made during a Rule 11 colloquy is conclusively established, and a district court should, without holding an evidentiary hearing, dismiss any § 2255 motion that necessarily relies on allegations that contradict the sworn statements. Otherwise, a primary virtue of Rule 11 colloquies would be eliminated – permitting quick disposition of baseless collateral attacks.
>
> U.S. v. Lemaster, 403 F.3d 216, 221-222 (4th Cir. 2005)(internal citations and quotations omitted).

Here, Petitioner's allegations directly contradict his plea agreement, which was later adopted by this Court after a Rule 11 hearing. Therefore, his claims should be dismissed.

**C.   28 U.S.C. § 2255**

Title 28 U.S.C. § 2255 requires a petitioner to prove by a preponderance of the evidence that his "sentence was imposed in violation of the Constitution or laws of the United States, or that the Court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law." 28 U.S.C. § 2255(a). Petitioner has failed to establish this, and, furthermore, the cases cited by Petitioner are not relevant to his claims. Johnson v. United States, 130 S.Ct. 1265 (2010), is not relevant because it deals with an 18 U.S.C. § 924(e) armed career criminal charge. Petitioner, however, pled guilty to 18 U.S.C. § 924(c). Likewise, United States v. O'Brien, 130 S. Ct. 2169 (2010), is not relevant. In O'Brien, the Supreme Court addressed

6

the portion of 18 U.S.C. § 924(c) which requires a 30-year mandatory minimum sentence if the carried or possessed firearm is a machine gun. O'Brien, 130 S.Ct. at 2172. *See also*, 18 U.S.C. § 924(c)(1)(B)(ii). The O'Brien Court held that the fact that the firearm was a machinegun is an element to be proved to the jury beyond a reasonable doubt rather than a sentencing factor to be proved to the judge at sentencing. *Id.* at 2180. *See also*, Apprendi v. New Jersey, 530 U.S. 466, 490 (2000)(a fact that increases the prescribed range of penalties to which a criminal defendant is exposed is an element of a crime, to be charged in an indictment and proved to a jury beyond a reasonable doubt.). Here, however, and as recognized by the Fourth Circuit, Petitioner specifically pled guilty to the part of 18 U.S.C. § 924(c) that includes a twenty-five year statutory minimum for having a "prior conviction for the same offense." (DE's 30, 43).

Furthermore, claims under 28 U.S.C. § 2255 are subject to a one-year statute of limitations. 28 U.S.C. § 2255(f). This limitation period runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.
>
> 28 U.S.C. § 2255(f)(1-4).

The date for a petitioner who appealed a matter to a circuit court to file a § 2255 motion expires one year after the last day that the petitioner could have filed a petition for certiorari with the Supreme Court. *See* Clay v. United States, 537 U.S. 522, 532 (2003). Accordingly, Petitioner's

7

conviction became final on June 30, 2008, 90 days after the Fourth Circuit affirmed this Court's sentence. Supreme Court Rules 13(1). Therefore, Petitioner had until June 30, 2009 to timely file his § 2255 motion. However, Petitioner's Motion to Vacate was not filed until March 28, 2011. (DE 48-1). As such, Petitioner's Motion to Vacate is untimely on its face, and must be dismissed unless it is eligible for equitable tolling.

The doctrine of equitable tolling generally is appropriate in two distinct situations: where the petitioner was prevented from asserting his claim by some wrongful conduct on the part of the respondent, or where extraordinary circumstances beyond the petitioner's control made it impossible to file the claims on time. Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000). "[A]ny invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes." *Id.* Specifically:

> any resort to equity must be reserved for those rare instances where–due to circumstances external to the party's own conduct–it would be unconscionable to enforce the limitation period against the party and gross injustice would result.
> *Id.*

Contrary to his plea agreement, Petitioner now asserts that he is "actually innocent" of the previous 924(c) charge which mandated his 25 year minimum sentence. "[T]here is little consensus between the appellate courts and no controlling precedent from the Fourth Circuit as to whether actual innocence can toll the time limitations of 28 U.S.C. § 2255." Turner v. United States, 2011 WL 3585630 (M.D.N.C. August 16, 2011). Regardless, even if actual innocence were applicable within the Fourth Circuit to toll the statute's time-bar, as noted above, Petitioner acknowledged in his plea agreement that he has a prior conviction pursuant to 18 U.S.C. § 924(c). (DE-30, pg. 6).

8

His statements to the contrary are now deemed "palpably incredible" and "patently frivolous or false." Lemaster, 403 F.3d at 221-222. Likewise, Petitioner has failed to assert any other facts which would indicate that equitable tolling is appropriate in this matter.

Accordingly, the undersigned RECOMMENDS that Petitioner's Motion to Vacate be dismissed because it is both without merit and time-barred.

### III. Conclusion

For the aforementioned reasons, it is HEREBY RECOMMENDED that the Government's Motion to Dismiss (DE-55) be GRANTED and that Petitioner's Motion to Vacate (DE-48) be DENIED.

SO RECOMMENDED in Chambers at Raleigh, North Carolina on Thursday, August 25, 2011.

_____
WILLIAM A. WEBB
UNITED STATES MAGISTRATE JUDGE