IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

NO. 4:05-CR-055-FL-1
4:11-CV-051-FL

| | | |
|---|---|---|
| ERIC ODELL GADSON, | ) | |
| Petitioner, | ) | |
| v. | ) | ORDER |
| UNITED STATES OF AMERICA | ) | |
| Respondent. | ) | |

This matter is before the court on the motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (DE # 48) of Eric Odell Gadson ("petitioner") and the motion to dismiss (DE # 55) filed by respondent, the United States of America. Also before the court is petitioner's motion for leave to amend or supplement his § 2255 motion (DE # 51). Pursuant to 28 U.S.C. § 636(b)(1), United States Magistrate Judge William A. Webb entered a memorandum and recommendation ("M&R") (DE # 59) recommending that respondent's motion to dismiss be granted and that the § 2255 petition be dismissed because it is untimely pursuant to § 2255(f) and is otherwise without merit. Petitioner filed objections (DE # 60) to the M&R. In this posture, the matter is ripe for ruling. For the reasons that follow, the court rejects petitioner's objections to the M&R, dismisses the § 2255 petition, and denies petitioner's motion to amend.

## STATEMENT OF THE CASE

On February 23, 2006, petitioner entered a plea of guilty, pursuant to a written plea agreement, to one count of armed bank robbery, in violation of 18 U.S.C. § 2113(a) and (d), and one

count of using, carrying, or possessing a firearm during and in relation to a crime of violence, in violation of 18 U.S. C. § 924(c)(1)(A), as set forth in the Indictment (DE # 1). Pursuant to the plea agreement, the government agreed to dismiss counts three and four of the Indictment, which charged petitioner with attempted armed bank robbery and a second count of possessing a firearm during and in relation to a crime of violence. On July 19, 2006, the court sentenced petitioner to a one hundred and eighty-eight (188) month term of imprisonment on count one and a three hundred (300) month consecutive term as to count two, for a total term of four hundred and eighty-eight (488) months.

Petitioner appealed,[1] raising four issues, including "(1) whether the district court erred in finding Gadson was competent to face the charges against him; (2) whether the district court erred in accepting Gadson's guilty plea; (3) whether Gadson's sentence is reasonable; and (4) whether Gadson received ineffective assistance of counsel." United States v. Gadson, 269 F. App'x 242, 243 (4th Cir. 2008). The Fourth Circuit "found no meritorious issues for appeal" and affirmed petitioner's conviction and sentence. Id. at 245. On March 31, 2011, the court received petitioner's motion to vacate his sentence,[2] which raises the following claims for relief: (1) that he is "actually innocent" of the "career offender enhancement," as made clear by the Supreme Court's intervening decision in Johnson v. United States, _ U.S. _, 130 S.Ct. 1265 (2010);[3] that, for the same reason,

---

[1] Despite the fact that petitioner's direct appeal is evident in the record, in his § 2255 motion petitioner denies that he appealed from his conviction. See Pet'r's Mot. To Vacate 2.

[2] Although the motion to vacate was not postmarked until March 28, 2011, petitioner states that he signed the motion and deposited in the prison mailing system on March 1, 2011. Pet'r's Mot. To Vacate 13.

[3] In Johnson, the Supreme Court addressed on direct appeal a defendant's contention that he was inappropriately sentenced as an "armed career criminal" pursuant to 18 U.S.C. § 924(e) because his predicate conviction in Florida state court for battery is not a "violent felony" under the statute. 130 S.Ct. at 1268. The Court recognized that, under the Florida statute for simple battery, the state can prove battery by showing either "that the defendant '[i]ntentionally caus[ed] bodily harm,' that he 'intentionally str[uck] the victim, or that he merely '[a]ctually and intentionally touche[d]' the victim." Id. at 1269 (quoting Fla. Stat. § 784.03). Noting that "nothing in the record of [the defendant's predicate battery conviction] permitted the District Court to conclude that it rested upon anything more than

a "fundamental defect is now present in petitioner's sentence;" and (3) that, for the same reason, his sentence is "based upon a constitutionally impermissible factor." Pet'r's Mot. To Vacate 4-7.

On May 20, 2011, petitioner filed his motion to amend his motion to vacate sentence. Petitioner seeks to add additional claims, including the following: (1) that, pursuant to the Supreme Court's intervening decision in United States v. O'Brien, __ U.S. __, 130 S.Ct. 2169 (2010), the "district court lacked jurisdiction to impose a 25 year mandatory minimum sentence of imprisonment under 18 U.S.C. § 924(c)(1)(C)(i) where the petitioner did not have two instant offenses and convictions under § 924(c)[;]" (2) that, pursuant to O'Brien, "petitioner is actually innocent of his 25 year mandatory minimum sentence[;]" (3) that, pursuant to O'Brien, "petitioner's sentence was imposed in violation of the Fifth, Sixth, and Eighth Amendments[;]" and (4) "petitioner's sentence results in a fundamental miscarriage of justice." Pet'r's Mot. To Amend 2.

On July 28, 2011, the United States filed its motion to dismiss for failure to state a claim upon which relief can be granted, asserting that petitioner's motion to vacate is barred by the statute of limitations and otherwise devoid of merit. Resps.' Mot. To Dis. 2-4.[4] Petitioner filed a response on August 12, 2011, and the court referred the matter to Magistrate Judge Webb. On August 25,

---

the least of these acts," the Court held that the state court conviction did not suffice as a predicate conviction because the mere "actual and intentional touching" of another person does not establish the element of "physical force" required by § 924(e)(2)(B)(i). The Court reasoned that, "in the context of a statutory definition of '*violent* felony,' the phrase 'physical force' means *violent* force–that is, force capable of causing physical pain or injury to another person." Id. at 1271 (emphasis in original). In the present case, petitioner was deemed a career offender pursuant to U.S.S.G. § 4B1.1. One of the prior convictions relied upon by the court was a Florida state court conviction for battery on a law enforcement officer ("BOLEO"). In Florida, BOLEO is the act of simple battery committed against any of several law enforcement officials enumerated in the statute. See Fla. Stat. § 784.07(2).

[4] It does not appear that the United States is arguing that petitioner waived his right to file a motion to vacate due to the collateral challenge waiver contained in his plea agreement. Nor is the United States asserting that the specific claims petitioner alleges are procedurally barred due to his failure to raise such sentencing related challenges on direct appeal, or that such non-constitutional sentencing guidelines claims are even appropriate for review in § 2255 proceedings. Thus, the court will not consider these likely dispositive defenses in this matter.

2011, the magistrate judge issued his M&R, recommending that the motion to dismiss be granted. On September 6, 2011, petitioner filed his objections to the M&R.

## DISCUSSION

I. Standard of Review

A. 28 U.S.C. § 2255

Petitioner has filed a motion to vacate pursuant to 28 U.S.C. § 2255, which requires a petitioner asserting constitutional error to prove that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the Court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law." 28 U.S.C. § 2255(a). In such a proceeding, the burden of proof is on petitioner to establish his claim by a preponderance of the evidence. Miller v. United States, 261 F.2d 546, 547 (4th Cir. 1958).

B. Fed. R. Civ. P. 12(b)(6)

When subjected to a Rule 12(b)(6) motion, a "complaint must be dismissed if it does not allege 'enough facts to state a claim to relief that is *plausible* on its face.'" Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir.2008) (emphasis in original) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). The Supreme Court in Twombly upheld a Rule 12(b)(6) dismissal because the complaint failed to allege facts sufficient to show a claim was plausible rather than merely conceivable. See Monroe v. City of Charlottesville, Va., 579 F.3d 380, 386 (4th Cir.2009), cert. denied, 130 S.Ct. 1740 (2010). Accordingly, a district court considering a motion to dismiss under Rule 12(b)(6) "must determine whether it is plausible that the factual allegations in the complaint are enough to raise a right to relief above the speculative level." Simmons v. United Mortg. and Loan Inv., LLC, 634 F.3d 754, 768 (4th Cir.2011) (internal quotations and citations omitted). "[T]he

court need not accept the legal conclusions drawn from the facts, and need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Monroe, 579 F.3d at 385–86 (quotation marks and alteration marks omitted).

C. Referral to Magistrate Judge

The court may "designate a magistrate judge to submit . . . proposed findings of fact and recommendations for the disposition" of a variety of motions. 28 U.S.C. § 636(b)(1)(B). A party may object to the magistrate judge's proposed findings by filing "written objections which . . . specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objection." Local Civil Rule, EDNC 72.4(b). Generally, "a party . . . waives a right to appellate review of particular issues by failing to file timely objections specifically directed to those issues." United States v. Midgette, 478 F.3d 616, 621 (4th Cir. 2007). The court shall make a *de novo* determination of those portions of the M&R to which a party has filed objections. 28 U.S.C. § 636(b)(1)(C). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Id.; see Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983).

II. Analysis

In pertinent part, the magistrate judge found that the allegations of petitioner's motion to vacate "directly contradict his plea agreement," that the Supreme Court cases petitioner relies upon have no bearing upon his case, and that the motion to vacate is untimely and that petitioner is not entitled to equitable tolling of the limitations period. The court will examine these findings below.

A. Timeliness

The magistrate judge correctly identified the governing limitations period of one year and the various events which trigger the running of the period, as set forth in § 2255(f).[5] M&R 7. The magistrate judge further correctly applied these principles in petitioner's case, finding that petitioner's conviction became final on June 30, 2008, ninety days after the Fourth Circuit issued its mandate. Thus, pursuant to § 2255(f)(1), the magistrate judge found, "Petitioner had until June 30, 2009 to timely file his 2255 motion." M&R 8. The magistrate judge found that petitioner filed his motion to vacate on March 28, 2011, which is the date the motion was postmarked for mailing to this court. Id. Thus, the magistrate judge concluded, the motion is "untimely on its face, and must be dismissed unless it is eligible for equitable tolling." Id.

Petitioner asserted in his motion to vacate that the motion was timely made pursuant to § 2255(f)(3) in that it was filed within one year of the date of the Supreme Court's March 2, 2010, decision in Johnson. Pet'r's Mot. To Vacate 12. Although petitioner does not lodge a specific objection to the magistrate judge's finding that the motion to vacate was filed on March 28, he generally maintains in his objections that his motion is timely because it was filed within one year of Johnson. Pet'r's Object. 3. Petitioner's argument about the timeliness of his motion is flawed in at least two key respects. First, petitioner's argument necessarily requires the court to indulge him

---

[5] According to the statute, the running of the one-year limitations period is triggered by any of the following events:

> (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

§ 2255(f)(1)-(4).

in his implicit claim that, given his "declaration" that he signed the motion on the fortuitous date of March 1, 2011, the day before the one-year anniversary of Johnson's release, see Pet'r's Mot. To Vacate 13, and that the motion somehow languished undisturbed in the prison mailing system for some twenty-seven days before it was postmarked on March 28, 2011. The court finds this claim extremely dubious considering both petitioner's perceived incentive in having the motion deemed filed as of March 1, 2011, and the fact that every other piece of mail petitioner has sent to the court in connection with this case was postmarked on the first regular business day after which petitioner indicates that he signed it. See Pet'r's Mot. For Leave to Amend 6 (signed Friday May 20, 2011, postmarked Monday May 23, 2011); Pet'r's Resp. To Mot. To Dis. 5 (signed Friday Aug. 12, 2011, postmarked Monday Aug. 15, 2011); Pet'r's Object. (signed Sept. 6, 2011, postmarked Sept. 7, 2011). As a practical matter, this claim is too incredible and self-serving to warrant substantial credence.

Another flaw inherent in petitioner's reliance on § 2255(f)(3) is that he necessarily posits that Johnson recognized a newly established "right"which has been "made retroactively applicable to cases on collateral review." See United States v. Mathur, _ F.3d _, _, 2012 WL 2819603, *2 (4th Cir. July 11, 2012) ("Thus, to obtain the benefit of the limitations period stated in § 2255(f)(3), Mathur must show: (1) that the Supreme Court recognized a new right; (2) that the right 'has been . . . made retroactively applicable to cases on collateral review'; and (3) that he filed his motion within one year of the date on which the Supreme Court recognized the right."). Neither the Supreme Court nor the Court of Appeals for the Fourth Circuit have held that Johnson so qualifies, and numerous district courts, including some within this circuit, have reached the opposite conclusion. See, e.g., Gaddy v. United States, 2011 WL 7021140, *4-*6 (N.D.W.Va. Dec. 15, 2011)

("Nothing in the Johnson opinion suggests that a new rule of law is announced. Therefore, the undersigned finds that Johnson asserted an old rule of law.") see also United States v. Williams, 2012 WL 2149823, **4-*5 (D. Mass. Mar. 22, 2012); id. at *4 (collecting similar cases).

Even if the court assumes that Johnson announced a "new right," petitioner still must show that the right has been made retroactively applicable to cases on collateral review. Mathur, _ F.3d at _, 2012 WL 2819603 at *2. A "new rule" is substantive and "'should be applied retroactively if it places certain kinds of primary, private individual conduct beyond the power of the criminal law-making authority to proscribe.'" Id. at _, 2012 WL 2819603 at *3 (quoting Teague v. Lane, 489 U.S. 288, 311 (1989)); see also Schriro v. Summerlin, 542 U.S. 348, 351 (2004) ("New substantive rules generally apply retroactively [including] decisions that narrow the scope of a criminal statute by interpreting its terms."). Furthermore, "a new procedural rule should apply retroactively if it is 'implicit in the concept of ordered liberty' and if, without the procedure, 'the likelihood of an accurate conviction is seriously diminished.'" Mathur, 2012 WL 2819603 at *3 (quoting Teague, 489 U.S. at 311, 313)). As discussed in Mathur, this procedural rule exception to non-retroactivity is "extremely narrow, as it is reserved only for watershed rules implicating fundamental fairness." Id. (internal quotations and citations omitted). Indeed, the Supreme Court has thus far rejected every claim that a given "new" procedural rule it has announced fits within this exception. Id.

Petitioner asserts that Johnson establishes a substantive rule of law that must be applied retroactively in his case. Pet'r's Object. 3. The court does not dismiss this possibility out-of-hand. See, e.g, Lamar v. United States, 2010 WL 3259500, *5 (M.D. Fla. Aug. 18, 2010); Eason v. United States, 2010 WL 2710580, *2 (S.D. Fla. July 7, 2010). On its face, Johnson appears to "narrow the scope of [§ 924(e)(2)(B)] . . . by interpreting its terms." Schriro, 542 U.S. at 351. However, as

recognized by the magistrate judge, the difficulty in finding that Johnson announces a new substantive rule which is applicable in petitioner's case is that neither § 924(e) or § 922(g), the violation of which is the only predicate to the enhanced sentencing provisions of § 924(e) at issue in Johnson, are relevant to petitioner's case. Petitioner was not charged with or convicted of unlawfully possessing a firearm pursuant to § 922(g). Johnson narrows the scope of § 924(e) by limiting the circumstances under which a defendant may be sentenced beyond the statutory maximum otherwise applicable to a conviction for a violation of § 922(g). By contrast, if applied in petitioner's case, the "rule" of Johnson could only have the effect of altering petitioner's guidelines sentencing range within the statutory limit pertaining to his conviction under § 2113(a) and (d). In other words, without the benefit of Johnson, petitioner is not exposed to any punishment exceeding that which is applicable to his count of conviction. Thus, it is hardly a given that, as applied to him, Johnson announces a new substantive rule which must be applied in his case retroactively on collateral review.

Nevertheless, even assuming that his motion to vacate is timely filed and affording him the benefit of Johnson, the court finds that petitioner's motion to vacate lacks merit and is due to be denied.

B. Merit

Because of his prior convictions, which include two federal counts of armed bank robbery and the Florida BOLEO conviction, at sentencing petitioner was adjudged a "career offender" subject to the provisions of U.S.S.G. § 4B1.1. In his motion to vacate, petitioner argues that, pursuant to Johnson, his "prior conviction for 'battery on a law enforcement officer' that was committed without the use of 'violent force' does not qualify as a 'crime of violence' under the 'career offender

enhancement." Pet'r's Mot. To Vacate 4. Thus, he contends, he is "actually innocent of the career offender enhancement" and his sentence is "fundamentally defective." Id. at 4-6.

Due to the potential legal significance attendant to such claims, the court must first disabuse petitioner of the notion that he presents any sort of "actual innocence" claim. Petitioner contends that he is "actually innocent" of the career offender enhancement because his state court BOLEO conviction is not a "crime of violence" under U.S.S.G. § 4B1.1(a). He does not contend that he is actually innocent of the predicate state court offense. Thus, petitioner presents a legal question distinct from any issue of factual innocence, and his claim that he is "actually innocent" of the career offender enhancement is without basis. See United States v. Pettiford, 612 F.3d 270, 283-84 (4th Cir. 2010) ("Pettiford, by contrast, makes no suggestion whatsoever that he did not actually commit the 2001 assault. Rather, he makes the legal argument that his conviction should not have been classified as a 'violent felony' under the ACCA. This argument . . . is not cognizable as a claim of actual innocence.").[6]

In any event, the court now turns to the merit of petitioner's claim that Johnson makes clear that he was not properly assessed the "career offender" enhancement because his Florida BOLEO conviction is not a "crime of violence." The Fourth Circuit recently described the method of analysis to be employed by the court as follows:

> We typically employ the "categorical approach" to determine whether a prior offense qualifies as a "crime of violence" under either clause of U.S.S.G. § 4B1.2(a). United States v. Seay, 553 F.3d 732, 737 (4th Cir.2009). Under the categorical approach, we consider the fact of conviction and the offense "generically," that is, "in

---

[6] As the Fourth Circuit clarified in Pettiford, to the extent a defendant may be found "actually innocent" of some enhanced sentencing provision, such argument is applicable in cases involving the statutory "armed career criminal" provision of § 924(e) and the "career offender" guidelines enhancement of U.S.S.G. § 4B1.1(a). 612 F.3d at 283 n.11.

> terms of how the law defines the offense and not in terms of how an individual offender might have committed it on a particular occasion." Begay v. United States, 553 U.S. 137, 141 (2008); see also United States v. Kirksey, 138 F.3d 120, 124 (4th Cir.1998). For an offense to constitute a "crime of violence" under this approach, the offense's full range of proscribed conduct, including the least culpable proscribed conduct, must fall within the applicable Guidelines definition of that term. United States v. Chacon, 533 F.3d 250, 254–55 (4th Cir.2008).
>
> In a "narrow range of cases" when it is "evident from the statutory definition of the state crime that some violations of the statute are 'crimes of violence' and others are not," we look beyond the generic elements of the offense to the specific conduct underlying that prior offense. United States v. Diaz–Ibarra, 522 F.3d 343, 348 (4th Cir.2008). We apply this "modified categorical approach" in those narrow circumstances to ascertain whether the defendant's specific conduct qualifies as a "crime of violence." In making this determination, we may consider only the record of conviction, which includes the charging document, the plea agreement, and the transcript of the plea colloquy, and any explicit factual findings made by the trial court. See United States v. Spence, 661 F.3d 194, 198 (4th Cir.2011) (citing Shepard v. United States, 544 U.S. 13, 20 (2005)).

United States v. King, 673 F.3d 274, 278 (4th Cir. 2012).

As Johnson makes clear, Florida's statutory definition of battery includes three subjunctive elements of battery. 130 S.Ct. at 1269. The "least culpable proscribed conduct" described in one of those elements – actually or intentionally touching the victim – is categorically insufficient to serve as a predicate "violent felony" for purposes of the Armed Career Criminal Act or, for purposes of argument in this case, a "crime of violence" under § 4B1.1(a). Id. at 1270-71. However, it does not follow that the remaining disjunctive elements–intentionally causing bodily harm and intentionally striking the victim–are of a similar character. The Supreme Court did not resolve this question. Indeed, the Court noted that, because "nothing in the record of Johnson's 2003 battery conviction permitted the District Court to conclude that it rested upon anything more than the least of these acts," it was constrained to determine only whether that minimal act was categorically insufficient. Id. at 1269.

Thus, the court must resolve two questions: whether the record supports a finding that petitioner's battery conviction was based upon more than an actual and intentional touching and, if so, whether such proscribed conduct amounts to a "crime of violence." For his part, petitioner expressly asserts that his "prior conviction for 'battery on a law enforcement officer' . . . was committed without the use of 'violent force.'" Pet'r's Mot. To Vacate 4. However, petitioner's characterization is not controlling on this court. Instead, this court may consider "the record of conviction, which includes the charging document, the plea agreement, and the transcript of the plea colloquy, and any explicit factual findings made by the trial court" in reaching this determination. King, 673 F.3d at 278. Moreover, the court "may rely on a prepared presentence investigation report ("PSR") to determine whether a prior crime qualifies as a predicate offense . . . ." United States v. Hickman, 358 F. App'x 488, 489 (4th Cir. 2009) (unpublished decision).

The PSR in this case, which this court adopted in full as its findings of fact at sentencing, described petitioner's BOLEO offense as follows:

> The offense occurred on March 4, 1991. Court records revealed that two officers were attempting to break up a fight between the defendant and another individual. Gadson became verbally and physically combative with the officers. While the officers were attempting to handcuff the defendant, he aggressively broke away, and pushed both officers about the upper body. The defendant was subdued and arrested. One of the officers received a twisted ankle.

PSR 5. Petitioner did not object to this characterization of the offense, or to its use as a predicate for career offender purposes, during sentencing or on appeal.[7] Thus, the court can properly consider

---

[7] Petitioner's failure to object at sentencing or raise this issue on appeal again demonstrates his procedural default of this claim. See, e.g., Page v. United States, 440 F. App'x 767, 768-69 (11th Cir. 2011) (unpublished decision) (finding petitioner's "claim that his below statutory maximum sentence violates the Sentencing Guidelines, as interpreted post-Johnson, is a non-constitutional claim" which should have been raised on direct appeal and is therefore procedurally barred in § 2255 proceedings). The procedural default applies regardless of the fact that, at the time of sentencing and appeal, petitioner may have perceived that the law did not favor his claim. See id. ("Where the basis of a claim is available, . . . unawareness of the objection will not constitute cause to excuse a procedural default. Moreover, the fact

this description in determining which of the three statutory elements was the basis for petitioner's conviction. See United States v. Jones, 408 F. App'x 258, 261 (11th Cir. 2011) (unpublished decision). In Jones, the Eleventh Circuit, which, due to its jurisdiction over federal criminal cases arising in Florida, has had occasion to review several claims like petitioner's after Johnson, confronted a very similar set of facts as this court:

> Here, the record does not contain the charging document for Jones's BOLEO offense, a plea agreement, a transcript of the plea colloquy, or any explicit factual findings by the state trial judge. The only information available about the offense is the statement in the PSI that, "[a]s Officer Fernando approached, Jones pushed the officer to the ground by using both hands." Yet because Jones did not object to this description, the district court could properly consider it to determine which statutory phrase was the basis for his conviction. Thus, the district court did not plainly err in finding that Jones was convicted of intentionally striking a law enforcement officer[.]

Id. Likewise, considering the circumstances of the offense recounted in the PSR, it is evident that petitioner's offense involved more than mere intentional "touch[ing]," the least of the proscribed acts in Florida's battery statute. Fla. Stat. § 784.03(1)(A). Rather, petitioner, undoubtedly in a heightened state of excitement and aggravation due to the fight in which the officers were intervening, became "physically combative with the officers," "aggressively broke away," and "pushed both officers about the upper body," with the result that one of the officers indeed suffered a slight injury. PSR 5. Based on this description, the court concludes that intentional "strik[ing]," as opposed to mere intentional "touch[ing]," Fla. Stat. § 784.03(1)(A), constituted the basis for petitioner's conviction. The remaining issue, then, is whether such intentional striking involves the "violent" level of force required to invoke § 4B1.1(a).

---

that this Circuit's precedent may have been adverse to Page's claim does not mean that the appeal was 'unavailable.' A defendant's belief that his claim would have been futile cannot constitute cause if it means simply that a claim was unacceptable to that particular court at that particular time.") (citations and internal quotations omitted).

The Supreme Court has described the requisite amount of "violent force" as a "substantial degree of force," "capable of causing physical pain or injury to another person." Johnson, 130 S.Ct. at 1271. In Jones, the Eleventh Circuit determined that "a conviction under that portion of the statute [which proscribes intentional striking] necessarily involves the use of substantial physical force capable of causing physical pain or injury." 408 F. App'x at 261-262. The court finds this reasoning persuasive and therefore concludes that where, as here, the circumstances of petitioner's BOLEO offense indicate that petitioner was convicted of intentionally striking law enforcement officers, this intentional striking necessarily involves use of "violent force–that is, force capable of causing physical pain or injury to another person." Johnson, 130 S.Ct. at 1271. Accordingly, petitioner's prior conviction for BOLEO was appropriately relied upon as a predicate offense for purposes of applying the "career offender" provision of the sentencing guidelines, and he is not entitled to relief on the merits of his claim challenging application of the enhancement.

C. Petitioner's Motion to Amend.

As noted above, petitioner has filed a motion to amend his § 2255 motion, in which he seeks to amend the motion to add additional claims premised on his application of the Supreme Court's O'Brien decision to his case. Pet'r's Mot. To Amend 2. In O'Brien, the defendant was charged with several counts, including, in pertinent part, using or carrying a firearm in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A), and, in a separate count, using a machinegun during that crime, in violation of § 924(c)(1)(B)(ii). 130 S.Ct. at 2173-74. Believing it could not meet its burden of proof on the machinegun count, the Government dismissed that count but nevertheless "maintained that the machinegun provision . . . was a sentencing factor, so that, if respondents were convicted of carrying a firearm . . . , the court could determine at sentencing that

the particular firearm was a machinegun, thus activating the 30-year mandatory minimum." Id. at 2173. Thus, the issue before the Court was "whether the fact that the firearm was a machinegun is an element to be proved to the jury beyond a reasonable doubt or a sentencing factor to be proved to the judge at sentencing." Id. at 2172. Ultimately, the Court held that the "machinegun provision in § 924(c)(1)(B)(ii) is an element of the offense" which therefore must be charged in an indictment and proved to a jury beyond a reasonable doubt. Id. at 2180.

As the magistrate judge found, O'Brien is simply inapposite. Petitioner was not charged, convicted, or sentenced under any provision of § 924(c) dealing with enhanced, or separate, sentencing for using or carrying a certain kind of firearm. Rather, petitioner was convicted, based on his guilty plea, of a violation of § 924(c)(1)(A) and then received a mandatory minimum consecutive sentence of twenty-five years pursuant to the "recidivist" provision of § 924(c)(1)(C)(i). Apart from this incongruity, petitioner's claim remains flawed in other material respects. First, in O'Brien itself the Court recognized that the "recidivist" provision of § 924(c)(1)(C)(i) is "typically [a] sentencing factor[]" rather than an element of a separate offense. 130 S.Ct. at 2180. Furthermore, petitioner specifically acknowledged in his plea agreement that he was pleading guilty to a violation of § 924(c) which included a minimum term of imprisonment of twenty-five years, to be imposed consecutively to any other sentence, due to his "prior conviction for same offense." Plea Agreement (DE # 30) 6. For these reasons, petitioner's O'Brien-related claims are without merit. As such, his motion to amend his § 2255 motion is due to be denied because the requested amendment would be futile.

Assuming, without holding, that petitioner's motion is timely filed, the motion, and all claims which petitioner seeks to raise by his proposed amendment to the motion, are without merit.

Accordingly, petitioner's motion to vacate and motion to amend the motion to vacate are due to be denied.

III. Certificate of Appealability

The court now must determine whether petitioner is entitled to a certificate of appealability. Rule 22(b)(1) of the Federal Rules of Appellate Procedure provides in pertinent part that a § 2255 applicant "cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)." Fed. R. App. P. 22(b)(1). "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." See 28 U.S.C. § 2253(c)(2). An applicant satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court likewise is debatable. See Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001).

Petitioner has failed to meet the requirements for a certificate of appealability. The court properly denied petitioner's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, and petitioner failed to make a "substantial showing" of the denial of a constitutional right. Petitioner has not shown that reasonable jurists would find that decision debatable. Therefore, petitioner is not entitled to a certificate of appealability.

## CONCLUSION

For the foregoing reasons, and as supplemented herein, the court ADOPTS as its own the magistrate judge's recommendation (DE # 59). Respondent's motion to dismiss (DE # 55) is GRANTED and petitioner's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C.

§ 2255 (DE # 48) is DENIED. Petitioner's motion for leave to amend (DE # 51) is DENIED. The court also DENIES a certificate of appealability. The clerk of court is DIRECTED to close this case.

SO ORDERED, this the 30th day of July, 2012.

LOUISE W. FLANAGAN
United States District Judge