IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

NO. 4:05-CR-55-FL
NO. 4:16-CV-183-FL

| | |
|---|---|
| ERIC ODELL GADSON, | )<br>) |
| Petitioner, | )<br>) |
| v. | )     ORDER<br>) |
| UNITED STATES OF AMERICA, | )<br>) |
| Respondent. | ) |

This matter is before the court on petitioner's motions to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (DE 67) and to amend same (DE 78), which challenge petitioner's conviction and sentence for possessing a firearm in furtherance of a crime of violence in light of the United States Supreme Court's rulings in Johnson v. United States, 135 S. Ct. 2551 (2015) and United States v. Davis, 139 S. Ct. 2319 (2019). The matter also is before the court on respondent's motion to dismiss (DE 95), which was briefed fully, and petitioner's motion for extension of time to respond to the motion to dismiss (DE 99). For the reasons that follow, the court grants respondent's motion to dismiss, grants petitioner's motions to amend and for extension of time, and denies petitioner's motion to vacate.

**BACKGROUND**

On February 23, 2006, petitioner pleaded guilty, pursuant to a written plea agreement, to armed bank robbery, in violation of 18 U.S.C. § 2113(a) and (d) (count one), and using, carrying, or possessing a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c) (count two). On July 19, 2006, the court sentenced petitioner to 188 months'

imprisonment on count one, and a consecutive term of 300 months' imprisonment on count two, producing an aggregate custodial sentence of 488 months.

On June 29, 2016, petitioner filed the instant motion to vacate, set aside, or correct sentence, asserting that his § 924(c) conviction should be vacated in light of Johnson. On August 8, 2016, petitioner moved to amend the § 2255 motion to assert a claim that his career offender designation is illegal in light of Johnson. On August 26, 2016, respondent moved to stay the § 2255 proceedings pending the United States Court of Appeals for the Fourth Circuit's resolution of United States v. Simms, 914 F.3d 229 (4th Cir. 2019). The court granted the motion to stay that same day. The Fourth Circuit decided Simms on January 24, 2019, but stayed the mandate pending the United States Supreme Court's decision in United States v. Davis, No. 18-431. The Supreme Court decided Davis on June 24, 2019.

On July 24, 2019, the court lifted the stay and directed the parties to file supplemental briefing addressing the effect of Simms and Davis on petitioner's motion. The parties did not respond to this order. On November 22, 2019, the court directed respondent to respond to the instant motion to vacate. Respondent filed the instant motion to dismiss on January 29, 2020, arguing petitioner's motion to vacate should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6). Petitioner filed the instant motion for extension of time to respond to the motion to dismiss on March 2, 2020, along with proposed response in opposition.

## DISCUSSION

A.  Standard of Review

A petitioner seeking relief pursuant to 28 U.S.C. § 2255 must show that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without

2

jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." Id. § 2255(b).

B.     Analysis

As an initial matter, the court grants petitioner's motions to amend and for extension of time. Accordingly, the court addresses below the claims in petitioner's motion to amend and original motion to vacate. The court also has considered fully petitioner's response opposing respondent's motion to dismiss.

Pursuant to 18 U.S.C. § 924(c), a person convicted for a second time of possessing a firearm "during and in relation to any crime of violence or drug trafficking crime" is subject to a mandatory minimum punishment of twenty-five years' imprisonment. 18 U.S.C. § 924(c)(1)(C). The sentence shall run consecutive to any sentence imposed for the predicate crime of violence or drug trafficking crime. Id. § 924(c)(1)(A). Section 924(c)(3) defines crime of violence as an offense that is a felony and:

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another [the "force clause"], or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense [the "residual clause"].

Id. § 924(c)(3)(A)-(B).

Davis and Simms held that § 924(c)(3)(B) is unconstitutionally vague, thereby rendering invalid § 924(c) convictions based on the residual clause definition of crime of violence. Davis, 139 S. Ct. at 2336; Simms, 914 F.3d at 237. The Davis and Simms decisions, however, do not call into question the constitutionality of § 924(c)(3)(A). Thus, if petitioner's predicate offense qualifies as crime of violence under subsection (c)(3)(A) (the force clause), his conviction remains valid. See Mathis, 932 F.3d at 263-64.

Petitioner's predicate offense is Armed Bank Robbery, in violation of 18 U.S.C. § 2113(a) and (d), and the Fourth Circuit has held that this offense is a crime of violence under § 924(c)'s force clause. See United States v. McNeal, 818 F.3d 141, 157 (4th Cir. 2016) ("[B]ank robbery under 18 U.S.C. § 2113(a) is a 'crime of violence' within the meaning of the force clause of 18 U.S.C. § 924(c)(3)."). Accordingly, petitioner's § 924(c) conviction remains valid, notwithstanding Davis and Simms. As to petitioner's challenge to his advisory Guidelines range, the claim is not cognizable in a habeas corpus proceeding. See United States v. Foote, 784 F.3d 931 (4th Cir. 2015); see also Beckles v. United States, 137 S. Ct. 886, 895 (2017) (holding advisory sentencing Guidelines are not subject to void-for-vagueness challenge based on Johnson and its progeny).

C.    Certificate of Appealability

Having determined that petitioner is not entitled to relief, the court turns to whether a certificate of appealability should issue. A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner must demonstrate that reasonable jurists could debate whether the issues presented should have been decided differently or that they are adequate to deserve encouragement to

proceed further. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000). After reviewing the claims presented on collateral review in light of the applicable standard, the court finds that a certificate of appealability is not warranted.

## CONCLUSION

Based on the foregoing, the court rules as follows:

1) Petitioner's motions to amend (DE 78) and for extension of time (DE 99) are GRANTED;

2) Petitioner's motion to vacate (DE 67), as amended, is DENIED;

3) Respondent's motion to dismiss (DE 95) is GRANTED; and

4) A certificate of appealability is DENIED.

The clerk is DIRECTED to close the instant § 2255 proceedings.

SO ORDERED, this the 23rd day of October, 2020.

LOUISE W. FLANAGAN
United States District Judge