IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

NO. 4:05-CR-55-FL-1

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| v. | ) | ORDER |
| | ) | |
| ERIC ODELL GADSON, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on defendant's motion for compassionate release (DE 105) pursuant to 18 U.S.C. § 3582(c)(1)(A). The motion was briefed fully and in this posture the issues raised are ripe for ruling.

## BACKGROUND

On February 23, 2006, defendant pleaded guilty to armed bank robbery, in violation of 18 U.S.C. § 2113(a) and (d); and possession of a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A). The court sentenced defendant to an aggregate term of 488 months' imprisonment and five years' supervised release. As relevant here, the mandatory minimum sentence for defendant's § 924(c) conviction was 300 months' imprisonment, consecutive to the term imposed for the bank robbery conviction, where defendant previously had been convicted of a § 924(c) offense. Defendant now moves for compassionate release, arguing that his risk of contracting COVID-19 and suffering severe health complications justifies early release from his custodial sentence. Defendant further argues that early release from imprisonment will allow him to obtain medical and mental health care that is not available in Federal Bureau of Prisons ("FBOP") custody.

## COURT'S DISCUSSION

With limited exceptions, the court may not modify a sentence once it has been imposed. 18 U.S.C. § 3582(c). One exception is the doctrine of compassionate release, which permits sentence reductions in extraordinary and compelling circumstances. As amended by the First Step Act, 18 U.S.C. § 3582(c)(1)(A) now permits a defendant to file motion for compassionate release in the sentencing court "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." First Step Act of 2018, Pub. L. No. 115-391, § 603, 132 Stat. 5194, 5239.

The court may reduce a defendant's term of imprisonment if it finds "extraordinary and compelling reasons" warrant a sentence reduction, then considers the applicable factors in 18 U.S.C. § 3553(a), and ultimately concludes that "the reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A); United States v. Kibble, 992 F.3d 326, 330 (4th Cir. 2021); see also United States v. McCoy, 981 F.3d 271, 275–76 (4th Cir. 2020).

Although nonbinding for defendant-filed motions for compassionate release,[1] U.S.S.G. § 1B1.13 provides the following "helpful guidance" for determining whether a defendant has established extraordinary and compelling reasons for compassionate release:

(A) <u>Medical Condition of the Defendant</u>.

    (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic

---

[1] The Sentencing Commission has not adopted a policy statement applicable to motions for compassionate release filed directly by defendants. Kibble, 992 F.3d at 330–31; McCoy, 981 F.3d at 281–83.

Case 4:05-cr-00055-FL   Document 119   Filed 07/07/23   Page 2 of 5

lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

      (ii) The defendant is

           (I) suffering from a serious physical or medical condition,

           (II) suffering from a serious functional or cognitive impairment, or

           (III) experiencing deteriorating physical or mental health because of the aging process,

that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

(B) <u>Age of the Defendant</u>. The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

(C) <u>Family Circumstances</u>.

      (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.

      (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

(D) <u>Other Reasons</u>. As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. 1B1.13, cmt. n.1; <u>McCoy</u>, 981 F.3d at 282 n.7 (explaining U.S.S.G. § 1B1.13 remains "helpful guidance" even for defendant-filed motions).

Here, defendant has not established extraordinary and compelling reasons for compassionate release. Defendant is fully vaccinated against COVID-19, (<u>see</u> DE 116 at 1), which provides a high degree of protection against developing severe illness. <u>United States v.</u>

3

Salas, No. 22-6371, 2023 WL 3918695, at *2 (4th Cir. June 9, 2023) ("The district court reasonably concluded that Salas's moderate (and very common) risk factors combined with his vaccinations did not present an extraordinary and compelling reason for his release."); see also United States v. Broadfield, 5 F.4th 801, 803 (7th Cir. 2021) ("[F]or the many prisoners who seek release based on the special risks created by COVID-19 for people living in close quarters, vaccines offer relief far more effective than a judicial order. [For most such prisoners], the availability of a vaccine makes it impossible to conclude that the risk of COVID-19 is an 'extraordinary and compelling' reason for immediate release."). And while defendant is slightly overweight and over age 50, these common conditions do not overcome the protective effect of the vaccine. See Salas, 2023 WL 3918695, at *2.

Turning to defendant's argument that he can obtain better treatment for his medical and mental health issues upon release from imprisonment, these circumstances do not amount to extraordinary and compelling reasons for compassionate release. See U.S.S.G. § 1B1.13 cmt. n.1. Defendant does not provide evidentiary support for any implicit suggestion that the FBOP is not providing adequate treatment for his conditions.[2] Finally, to the extent defendant is arguing that his mental health or medical conditions support his request for a sentence reduction, that argument also is without merit. Defendant's FBOP records reflect that he is a high-functioning inmate. (See FBOP Certificates (DE 109-2); FBOP Progress Report (DE 105-3)).

In sum, defendant has not established extraordinary and compelling reasons for compassionate release. In light of this ruling, the court does not address defendant's arguments that a sentence reduction would be consistent with the sentencing factors in 18 U.S.C. § 3553(a).

---

[2] Indeed, defendant has completed several programs in the psychology services department that address at least some mental health issues. (FBOP Certificates (DE 105) at 8, 10–1, 21, 51).

4

See Kibble, 992 F.3d at 330 (noting that showing of extraordinary and compelling reasons for compassionate release is an independent requirement). The court, however, commends defendant for his record of achievement in custody, and strongly encourages him to continue these rehabilitative efforts during his remaining term of imprisonment.

## CONCLUSION

Based on the foregoing, defendant's motion for compassionate release (DE 105) is DENIED.

SO ORDERED, this the 7th day of July, 2023.

_____
LOUISE W. FLANAGAN
United States District Judge